IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

U.S. DISTRICT COURT
FILED AT WHEELING, WV
AUG - 2 2007
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

ALISHA M. METHOD,
Administratrix for the Estate of Steven Roger Method,

    Plaintiff,

v.                                  Civil Action No. 3:07-cv-52
                                  (Judge Bailey)

MELVIN DALE ULREY, JR., individual,
LEGENDS TRUCKING, LLC, a Virginia Limited Liability Company
and
TREX COMPANY, INC., a Virginia Corporation,

    Defendants.
and

MELVIN DALE ULREY, JR., and
LEGENDS TRUCKING, LLC,

    Third-Party Plaintiffs

v.

ALLEGHENY ENERGY, INC.,
d/b/a ALLEGHENY POWER,

    Third-Party Defendant.

## STATUS AND SCHEDULING CONFERENCE ORDER

On July 30, 2007, the above-styled matter came before the Court for a status conference. The parties appeared through their respective counsel.

The Court reviewed the pending motions in this case and ruled as follows:

1)     The Motion to Dismiss Third-Party Complaint against Allegheny Energy, Inc. (Document No. 14) was **GRANTED** with the consent of the Third-Party plaintiffs, Melvin Dale Ulrey, Jr. and Legends Trucking, LLC;

2) The Motion to Dismiss Trex Company, Inc., (Document No. 19) was **DENIED as MOOT** in light of the Amended Complaint;

3) The Motion to Amend/Correct (Document No. 23) was **GRANTED** with consent of the defendants.

The Court then conducted a Scheduling Conference in accordance with the parties' meeting report and proposed discovery plan. Pursuant to Fed.R.Civ.P. 16(b)&26(f), and the Local Rules of Civil Procedure ("LR Civ P"), it is hereby

**ORDERED** that the below listed dates be adopted subject to the definitions following hereinafter:

1. Intermediate Pretrial Conference:
   **January 11, 2008 at 10:30 a.m.**

2. Mediation:     **January 31, 2008**

3. Joinder & Amendments:
   **October 1, 2007**

4. Expert Disclosure:
   a. With Burden     **October 15, 2007**
   b. Without Burden  **November 1, 2007**

5. Examination/Inspection Deadline:
   **January 1, 2008**

6. Discovery Completion: **February 1, 2008**

7. Motion Practice:
   a. Dispositive Motions: **February 15, 2008**
   b. Responses     **February 29, 2008**
   c. Replies       **March 7, 2008**

8. Fed.R.26(a)(3) Disclosures:
   **March 10, 2008**
   a. Objections **March 17, 2008**

9. Voir Dire, Jury Instructions,
   and Verdict Form **March 10, 2008**
   a. Objections **March 17, 2008**

10. Motions in Limine: **March 10, 2008**
    a. Responses **March 17, 2008**

11. Joint Pretrial Order: **March 20, 2008**

12. Final Pretrial Conference
    **March 31, 2008 at 2:30 p.m.**

13. Trial: **April 8, 2008 at 8:30 a.m.**

**1. Intermediate Pretrial Conference:** This conference will be held on **January 11, 2008 10:30 a.m. in MARTINSBURG** and is designed to review the status of discovery

and to confirm the remaining scheduling dates including trial. The Court will also discuss settlement offers. **This conference may be conducted by telephone if arrangements are made by counsel no later than 72 hours prior to the hearing.**

2. **Mediation**: The Court finds that this case appears to be an appropriate case to refer for mediation. The parties shall have thirty (30) days from the date of entry of this order to select a Mediator and notify this Court in writing. If the parties are unable to agree to such selection, counsel for the plaintiff shall immediately notify this Court in writing. It will be the responsibility of the parties to make arrangements to share equally in the expense of the mediation. Mediation shall be scheduled and concluded no later than **January 31, 2008**, unless such deadline is otherwise extended by the Court for good cause. At the conclusion of mediation, the Mediator shall file a written notice of the results. Provided, however, any party may OPT OUT of court-annexed mediation if written notice is filed with the Court within thirty (30) days of the Order.

3. **Joinder and Amendments:** Motions to join additional parties, motions to amend pleadings, and any crossclaim or counterclaim and the reply thereto, as well as any similar motions, shall be fully effected by **October 1, 2007**.

4. **Expert Disclosures:** The party bearing the burden of proof on an issue (normally the plaintiff) shall make the disclosures required by Fed.R.Civ.P.26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **October 15, 2007**.

The party not bearing the burden of proof on an issue (normally the defendant) shall make the disclosures required by Fed.R.Civ.P.26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **November 1, 2007**.

This order **does not** include rebuttal and/or surrebuttal experts, the use of which will

only be granted for good cause shown by motion no later than 30 days before the pre-trial conference.

The disclosures described in Fed.R.Civ.P.26(a)(2)(B) shall not be required of physicians and other medical providers who examined or treated a party or party's decedent unless the examination was for the sole purpose of providing expert testimony in the case. However, their testimony shall be limited to the medical records unless designated as expert witness for the purpose of giving opinion testimony (i.e. permanent disability, future medical treatment, etc.)

5. **Examinations:** All independent physical or mental examinations or inspection of property shall be completed by **January 1, 2008**.

6. **Discovery Completion:** All discovery shall be fully served and completed by **February 1, 2008**. "Completed discovery" as used in Fed.R.Civ.P.16(b) means that all discovery requests are to be filed far enough in advance to be completed as required by the rules before the discovery deadline. Objections, motions to compel and all other motions relating to discovery in this civil action should be filed as soon as the problem arises, but are to be filed no later than one week after the discovery completion date. The Court will not consider any discovery related motions untimely filed after the above deadline.

The term "all discovery" in the preceding definition of "completed discovery" includes the disclosures required by Fed.R.Civ.P. 26(a)(1),(2) and (5), but does not include the disclosures required by Fed.R.Civ.P.26(a)(3).

Motions to compel are generally referred to the Magistrate Judge. However, the Court, if available, is open to conducting telephone hearings if serious disagreements

threaten to terminate the conduct of depositions or examinations. If a motion to compel is pending for a decision more than thirty (30) days after filing, the burden is upon the moving party to inform the Court as to whether this status will interfere with other deadlines contained in this Scheduling Order.

### 7. Motion Practice / Dispositive Motions:

**a. Motion Practice** before the Court is controlled by LR Civ. P. 4.01. Review this rule for more specific detail of the Northern District's motion practice. Motions shall be concise and no longer than five (5) pages. Supporting memoranda of law shall be no longer than twenty (20) pages. As this Court intends to review all cases cited, counsel must ensure that the cases relied upon stand for the proposition, legal or factual, for which they are cited. The Court takes this requirement very seriously and will impose sanctions for willful violations.

**b. All Dispositive Motions**, as well as deposition transcripts, admissions, documents, affidavits, and any other such matters in support thereof, shall be filed no later than **February 15, 2008.**

Dispositive motions that are mature for decision may be made any time earlier. Any such motion must be supported by a memorandum at the time the motion is filed with the Clerk. All Counsel are instructed that dispositive motions should be filed as soon as the matter is mature. The above date is a "no-later-than" date.

Memoranda in opposition to such motions filed on the dead-line date shall be delivered to the Clerk with copies served upon opposing counsel on or before **February 29, 2008.** If a motion has been filed before the above deadline date, opposing counsel are reminded that LR Civ. P. 4.01(c) requires a response memoranda no later than 14 days

after service.

Any reply memoranda shall be delivered to the Clerk with copies served upon opposing counsel on or before **March 7, 2008**. All dispositive motions unsupported by memoranda will be denied without prejudice. See LR Civ P 4.01.

Factual assertions made in memoranda should be supported by specific references to affidavits, depositions or other documents made a part of the record before the Court. Copies of the supporting documents, or relevant portions thereof, should be appended to the memoranda. The parties may refer to LR Civ P 4.01 for details on motion practice before this Court.

8. **Pretrial Disclosures Fed.R.Civ.P.26(a)(3):** If the parties do not settle the case after their informal Settlement Conference pursuant to L.R.Civ.P. 2.04(a), final pretrial disclosures, to include trial witness list, depositions and interrogatories for use at trial, and trial exhibit list as further defined by Fed.R.Civ.P. 26(a)(3) shall be filed and exchanged on or before **March 10, 2008**. A trial exhibit binder from each party will be exchanged and sent to the Judge's law clerk on the same date, with exhibits marked and tabbed in numerical sequence. Original exhibits shall be submitted to the Clerk at trial and should not be tendered to the Clerk prior to trial.

a. **Objections** Objections to the above must be filed in writing and submitted by **March 17, 2008,** for consideration at the Final Pretrial Conference.

9. **Jury Instructions, Voir Dire, and Verdict Form:** Proposed jury instructions of law are to be provided on substantive theories of recovery or defense, on damages and on evidentiary matters peculiar to the case, together with citation to pertinent statutory and/or case authority (and along with a copy of the specific page reference attached

thereto). The instructions are to be numbered consecutively to identify the party submitting them, to have a title setting forth the subject matter of the instruction and to be set forth on separate pages. No more than twenty (20) instructions are to be submitted unless leave is granted by the Court. Special interrogatories and verdict forms, if any be appropriate to the case, will also be provided as well as all proposed voir dire questions requested by counsel for submission to the jury by the Court and shall be exchanged by counsel and delivered to the Clerk not later than **March 10, 2008**. These three items should not be filed in a combined document but should be filed individually with a specific document title along with case style.

a. **Objections:** Objections to all of the above must be filed in writing separately also with a specific document title along with case style no later than **March 17, 2008**

As well, the Court will not accept instructions after the Final Pretrial Conference unless as a result of amending those previously submitted.

**(If the instructions and voir dire in this case are being typed on a computer, counsel are requested to provide to the court a disk labeled as to the case name and party proposing the instructions in a format compatible with WordPerfect. The disk will be returned to counsel if requested.)**

10. **Motions in Limine:** All motions in limine must be accompanied by short statements of applicable (generally not more than a paragraph) memoranda of law and filed with the Clerk not later than **March 10, 2008**. All motions in limine must be numbered consecutively with a title listing the subject matter of the motion.

a. **Responses:** Responses to such motions, which also must be accompanied by a short statement of applicable law, shall be filed by counsel on or before **March 17, 2008**.

**11. Joint Pretrial Order:** A joint pretrial order (meaning that the parties combine their presentations into one document) shall be submitted to the Court not later than **March 20, 2008.** The joint pretrial order **shall contain** at least those matters provided for under LR Civ P 2.04(b) in the **following order**:

**1.** **(A).** Brief statement by plaintiff as to essential elements of claim, all damages sought (including an itemized list of special damages), along with supporting legal authority or statutes.

**(B).** Brief statement by defendant(s) of essential elements of defense along with supporting legal authorities.

**2.** **(A).** Plaintiff(s) listing of contested issues of fact and law, including pending motions, along with citations of applicable law.

**(B).** Defendant(s) listing of contested issues of fact and law, including pending motions, along with citations of applicable law.

**3.** Stipulation of Facts: Counsel are encouraged to meet and enter into stipulations of facts in this case.

**4.** Suggestions for avoidance of unnecessary proof and cumulative evidence, and suggestions for any special procedures.

**5.** Statement concerning separately requested number of trial days by each party.

**6.** Last settlement demand by plaintiff(s) and last response by defendant(s).

Following the pretrial conference, this Court shall enter the final pretrial order which shall be modified only to prevent manifest injustice.

**12. Final Pretrial Conference:** The Final Pretrial Conference shall be held on **March 31, 2008 at 2:30 p.m., in MARTINSBURG**, West Virginia. The conference shall

be attended by <u>lead trial counsel</u> for each represented party and all unrepresented parties. Counsel shall be prepared to participate fully and to discuss all aspects of the case as well as the matters set forth in the joint pretrial order previously submitted.

At least one of the attorneys for each party and all unrepresented parties participating in the pre-trial conference, or any conference before trial, shall have authority to make decisions as to settlement, stipulations and admissions on all matters that participants reasonably anticipate may be discussed. Counsel and parties are subject to sanctions for failure to comply with this requirement and for lack of preparation specified in Fed.R.Civ.P. 16(f) and LR Civ P 2.06 respecting pre-trial conferences or orders.

13. **Trial:** Jury selection in this action shall be held on **April 8, 2008, at 8:30 a.m., in MARTINSBURG**, West Virginia. Trial will commence upon the completion of jury selection. This case is presently the <u>first</u> case on the trial docket for that week.

The Court's practice is to keep side-bar conferences to the absolute minimum and generally will allow objections to be more fully explained on the record at the conclusions of testimony for the day after the jury is released.

14. **Deadlines Final:** The time limitations set forth above shall not be altered except as set forth in LR Civ P 2.01(f).

15. **Finality of Scheduling Order:** Unless authorized by the Court, the above dates and requirements of this Scheduling Conference Order are **FINAL**. Therefore, **NO** additional evidence developed as a result of deviations from the above will be admissible at trial, and no untimely motions will be considered.

All dates for submissions, deliveries and filings with the Clerk of the District Court refer to the date the materials must be actually <u>received</u> and not the mailing date.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** August __2__, 2007.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE