IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ALISHA M. METHOD,**
**ADMINISTRATRIX for the ESTATE**
**OF STEVEN R. METHOD,**

    Plaintiff,

v.                                                CIVIL ACTION NO. 3:07-CV-52
                                                      (BAILEY)

**CAPON SPRINGS VOLUNTEER**
**FIRE AND RESCUE COMPANY, INC.,**
**MELVIN D. ULREY, JR., LEGENDS**
**TRUCKING, LLC, and TREX**
**COMPANY, INC.,**

    Defendants,

and

**TREX COMPANY, INC.,**

    Third-Party Plaintiff,

v.

**CAPON SPRINGS VOLUNTEER**
**FIRE AND RESCUE COMPANY, INC.,**

    Third-Party Defendant.

## MEMORANDUM ORDER GRANTING MOTION TO REMAND

Pending before this Court is the plaintiff's Motion to Remand to Circuit Court of Hampshire County, West Virginia [Doc. No. 80]. This action was filed on March 23, 2007, in the Circuit Court of Hampshire County, West Virginia, seeking damages for the wrongful death of Steven Method. Mr. Method was part of a group of individuals attempting to remove a fallen tree on Route 59 near Capon Springs, West Virginia, on April 3, 2005, and

1

he was struck by a tractor trailer driven by defendant Melvin D. Ulrey. Process was served on the defendants on March 30, 2007, and this action was removed to this Court by motion of the defendants on the basis of diversity jurisdiction on April 30, 2007 [Doc. No. 1].

Subsequently, plaintiff filed an Amended Complaint [Doc. No. 29] to alter the allegations made against Trex Company. Thereafter, defendant Trex Company was granted leave to file a third-party complaint against Capon Springs Volunteer Fire and Rescue Company, Inc ("Capon Springs")[Doc. No. 45]. The Third-Party Complaint [Doc. No. 46], filed on September 20, 2007, alleges that Capon Springs was negligent by failing to erect any warning signals or temporary traffic control and that this contributed to the death of Steven Method by not providing Mr. Ulrey with adequate warning of the road obstruction or allowing enough reaction time. Defendants Melvin Dale Ulrey, Jr., and Legends Trucking, LLC then filed a third-party complaint against Capon Springs with the same allegations [Doc. No. 53-2]. Subsequently, plaintiff filed a Second Amended Complaint to add Capon Springs as a party defendant [Doc. No. 63].

Now, the plaintiff has filed a Motion to Remand [Doc. No. 80], contending that the plaintiff and Capon Springs are both West Virginia residents and, therefore, the case must be remanded back to the Circuit Court of Hampshire County because this Court no longer has jurisdiction over the action. The plaintiff argues that diversity jurisdiction is destroyed when the plaintiff makes allegations against a non-diverse third-party defendant. *See* ***Owen Equipment & Erection Co. v. Kroger***, 437 U.S. 365, 373-74 (1978).

In ***Owen Equipment***, the Supreme Court held that complete diversity is required for a federal court to have jurisdiction over a matter. "[D]iversity jurisdiction does not exist

2

unless *each* defendant is a citizen of a different State from *each* plaintiff." *Id*. at 373. Failing to adhere to this directive ignores the purpose of diversity jurisdiction. *Id*. at 374.

In this case, the plaintiff is a West Virginia citizen, and Capon Springs is a West Virginia Corporation, which makes it a citizen of West Virginia. The status of the plaintiff and party defendant destroys diversity jurisdiction, and, therefore, jurisdiction in this Court is not proper.

Based on the foregoing, it is clear that the plaintiff's Motion to Remand to Circuit Court of Hampshire County, West Virginia [Doc. No. 80], should be, and hereby is, **GRANTED**. Accordingly, this case is hereby **REMANDED** to the Circuit Court of Hampshire County, West Virginia, for all further proceedings.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record herein.

**DATED:** November 14, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE